Matter of Moquete (Commissioner of Labor) (2024 NY Slip Op 00841)

Matter of Moquete (Commissioner of Labor)

2024 NY Slip Op 00841

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0569
[*1]In the Matter of the Claim of Johanna Moquete, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 10, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, McShan and Powers, JJ.

Johanna Moquete, Bronx, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Powers, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a cashier for a financial services company, was informed by her employer on December 14, 2021 that, due to a New York City Department of Health mandate, all employees who worked in-person or interacted with the public were required to receive at least one dose of the COVID-19 vaccination by December 27, 2021. Claimant failed to get the required vaccine and was informed on December 28, 2021 that she could not continue her employment. Claimant's subsequent application for unemployment insurance benefits was denied by the Department of Labor in two initial determinations on the grounds that she voluntarily left her employment without good cause and, in the alternative, that she lost her employment due to misconduct. Following a hearing, the Administrative Law Judge affirmed the Department's determination disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause. The Unemployment Insurance Appeal Board affirmed on administrative appeal, and claimant appeals.
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of Brozak [Commissioner of Labor], 213 AD3d 1107, 1108 [3d Dept 2023] [internal quotation marks and citations omitted]). Claimant testified that she was informed by her employer that she was required to get the vaccine in order to maintain her employment. According to claimant, she told her employer that she was reluctant to get the vaccine due to health concerns, specifically that she had been experiencing chest pains in recent months. Claimant did not, however, provide her employer with any medical documentation supporting her claim or excusing her from getting the vaccine. Under these circumstances, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (see Labor Law § 593 [1]; Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1101-1102 [3d Dept 2023]). Claimant's remaining contentions, to the extent not explicitly addressed, have been reviewed and found to be without merit.
Clark, J.P., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.